## R. B. DOUGLASS & CO. *v.* JNO. HARKRENDER.

1. WILLS. *Holographic. Signed by one Witness. Evidence.* Where a testatrix writes and signs a paper, and procures *one* witness, intending to procure another, and thereby to complete the execution of the paper as a witnessed will, until such a second witness is procured, it is incomplete as a written will. But if she writes and signs the paper and procures *one* witness, intending to procure no other witness, but to deposit it among her valuable papers as her will, then the fact that there was one witness to it, will raise no presumption that it is an incomplete or unfinished will, the circumstance may be weighed by the jury in determining, whether the paper was signed *animo testandi,* but it cannot operate as a matter of law, to add strength to the presumption that it is her will.

Cases cited: Crutcher *v.* Crutcher, 11 Hum., 335; 2 Head., 308.
Code cited: §2163.

R. B. Douglass & Co., *v.* Jno. Harkrender.

2. SAME. *Same.* *Same.* The jury must look to the proof, not only to determine whether the defendant has rebutted plaintiff's proof as to the requirements of the Statute upon holographic wills, but also, as to whether the testatrix wrote the paper with a testamentary intent, and deposited it with her valuable papers, and kept it preserved as her will.

Case cited: Hooper *v.* McQuary, MSS.

## FROM WILSON.

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

SANDERS & CANTRELL, and J. J. TURNER, for Douglass & Co.

JORDAN and J. F. [STOKES, and WILLIAMSON & STORY for Harkrender.

NICHOLSON, C. J., delivered the opinion of the Court.

This was an issue *devisavit vel non* in the Circuit Court of Wilson County. The question was, whether the paper writing, executed in 1865, purporting to be the will of Martha H. Douglass, should be set up and established as her holographic will, in pursuance of §2163 of the Code. Under the proof and the instructions of the Circuit Judge to the jury, they returned a verdict in favor of the will, and the contestants have appealed.

Several errors in the charge of the Circuit Judge to the jury are relied on for a reversal.

After construing §2163, of the Code, and stating with correctness the character of the evidence which

plaintiff was requested to make, in order to entitle him to a verdict, the Judge said: "If you find that all of these requisites have been met in the proof by the plaintiff, the presumption of law is, that the testatrix intended the paper to operate as a last will and testament." This is sustained by the case of *Crutcher* v. *Crutcher*, 11 Hum. 335, in which it was held, that "if a testamentary paper be found among the valuable papers of the deceased, and be proved in the manner required by the Act of 1874, (§2163 of the Code,) these circumstances are equivalent to an express publication before witnesses, because it is to be inferred from them, that the party intended to give effect to the paper as his will."

After thus laying down the general principle correctly, the Judge proceeded to add: "If the paper is subscribed by one attesting witness, that fact will add strength to the presumption. If the plaintiff's case is thus made out, the burden of proof is upon the defendants, who must meet the proof of the plaintiff as to these requirements, by showing affirmatively that the paper was not found among valuable papers," etc., enumerating the several requirements specified in §2163, and explaining by what character of proof the defendant must meet that made by plaintiff, so as to rebut the presumption raised by his proof.

Two objections are made to this portion of the charge. First, that it was error to instruct the jury, that if there was an attesting witness to the paper, that fact would add strength to the presumption that

it was the will of testatrix. This instruction was given in view of the proof, that although the script was propounded as a holographic will, yet that there was the name of one attesting witness subscribed.

There was also proof that in 1862, testatrix had executed a will with two subscribing witnesses. After the Court finished his charge, the defendant's counsel requested him to instruct the jury in substance, that if the deceased had made previous wills, attested by two witnesses, and if they find that when testatrix signed the paper in controversy, and procured one witness thereto, and spoke at the time of getting a second witness, and failed to get a second, the law would presume that it was not a complete or executed will in this condition, and before the jury could find in its favor, the plaintiff must show by proof that she abandoned the idea of getting a second witness, and that by words or acts she showed an intention for it to operate as a will in its unfinished condition with the one witness.

The Judge declined to charge as requested, further than he had already done in his written charge. The only charge which he has given, applicable to the proof referred to in the request was, that if testatrix had procured one witness to the paper, that fact would add strength to the presumption that it was her will. The fact that testatrix wrote and signed her will, and procured one witness to it, would constitute proof which might be properly weighed by the jury, in determining whether or not, the paper was signed

*animo testandi;* but we know of no principle or rule, on which such· a fact could operate as a matter of law to. add strength to the presumption that it was her will, arising from the proof of the several requirements specified in §2163. Whether the instruction was intended to inform the jury, as matter of law, or matter of fact, that the procuring of one witness to the paper by testatrix added strength to the presumption, it was erroneous. If, as a matter of law, we know of no such rule of law, if as matter of fact, then whether it had any weight in it and how much, was for the jury to determine.

But, secondly, it is insisted that the charge was not such a response to the request of defendant's counsel, as they have a right to receive. The request was based upon proof made in the cause, and they were entitled to have the law applicable to that proof declared to the jury. It is certainly true, as a matter of law, that if testatrix wrote and signed the paper, and procured one witness, intending to procure another, and . thereby to complete the execution of the paper as a witnessed will, until such a second witness was procured, it was incomplete and unfinished as a written will. But, if she wrote and signed the paper, and procured one witness, intending to procure no other witness, but . to deposit it among her valuable papers as her will, then the fact that there was one witness to it, would raise no presumption, that it was an incomplete or unfinished will.·

On the other hand, if she wrote and signed the

paper, and procured one witness, intending to procure another, and thus perfect it as a witnessed will, but afterwards changed her purpose, and determined to make it operate as her holographic will, by keeping it among her valuable papers, it would so operate, although she had procured one witness to it, with the intention of procuring a second, but whether she so abandoned her original purpose, and determined to make the paper her will by depositing and keeping it as such among her valuable papers, was a question of fact for the jury, on which defendants were entitled to the instructions of the Court. It has been repeatedly held, that it is not conclusive in favor of the paper, that it is in the form of a testament, perfect in all its parts, written, signed and found as prescribed in cases of holographic wills. 2 Head, 308. It may nevertheless not be an operative will, for the reason that it may be shown by proof not to have been intended to operate as a will. When all the requirements of the Statute are proven by the plaintiff, the law raises the presumption that it was intended to be a will, but this presumption may be rebutted, not only by showing that some or all of the requirements have not been complied with, but by showing either that the paper was not written and signed *animo testandi*, or that it was not deposited and kept, and regarded as a subsisting will. To ascertain this leading and controlling fact, whether the testator intended the paper to be his will, and so held and deposited it, must be determined by the jury, from

the proof of facts and circumstances, intrinsic and extrinsic.

In response to the request of defendant's counsel, the Judge ought to have instructed the jury, not only that they should look to the proof to determine whether defendant had rebutted the plaintiffs' proof, as to the several requirements of the Statute as to holographic wills, but that they should look to the proof to ascertain whether the testatrix wrote the paper with a testamentary intent, and whether she deposited it, or caused it to be deposited with her valuable papers, with that intent, and whether she so kept and preserved it as her will. *Hooper* v. *McQuary,* (MSS.) The failure of the Judge to instruct the jury in reference to the matter referred to was error. For the errors indicated, the judgment will be reversed, and a new trial granted.